IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02219 - RPM

**SHANE SOLOMON, an individual**

    Plaintiff,

v.

**TWIN LANDFILL CORPORATION, a Colorado corporation**

    Defendant.

_____

## AMENDED ANSWER TO COMPLAINT AND JURY DEMAND

_____

Defendant, Twin Landfill Corporation ("Twin Landfill"), by and through its counsel, Kiovsky/DuWaldt, LLC, hereby submits this Amended Answer to Complaint and Jury Demand ("Complaint") as follows:

### INTRODUCTION

Unless and except as specifically admitted in the enumerated paragraphs below, Twin Landfill denies each and every allegation in the Complaint, including, without limitation, any headings, subheadings, or other allegations not contained in the enumerated paragraphs. Twin Landfill denies any wrongdoing or liability whatsoever to Plaintiff, and further denies that Plaintiff suffered any damages for which Twin Landfill is liable or that he is entitled to recover any other relief whatsoever from Twin Landfill.

1. Twin Landfill admits that its principal place of business is located in Steamboat Springs, Colorado and that Twin Landfill does business as Twin Enviro Services. Twin Landfill further admits that Plaintiff was employed as a laborer/operator in Routt County, Colorado. Twin Landfill is without knowledge as to Plaintiff's present domicile and therefore denies that allegation and denies the remaining allegations in Paragraph 1 of the Complaint.

2. Twin Landfill admits that jurisdiction is proper in this Court under 28 U.S.C. § 1331 as Plaintiff asserts a claim under the Americans with Disabilities Act, 42 U.S.C.§ 12101 et seq., however, Twin Landfill denies that any unlawful conduct occurred in this jurisdiction or elsewhere. Twin Landfill admits that Plaintiff filed a charge with the EEOC and is without information regarding the remaining allegations in Paragraph 2 of the Complaint and therefore denies same.

3. Twin Landfill is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 3 of the Complaint and therefore denies same.

4. Twin Landfill states that Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5. Twin Landfill admits that it is located in Steamboat Springs, Colorado and is without knowledge or information regarding the remaining allegations in Paragraph 5 of the Complaint and therefore denies same.

6. Twin Landfill admits that Plaintiff's wife, Amber Solomon, began working for it on approximately August 17, 2015 as a customer service representative and admits that Plaintiff began working for Twin Landfill as a general laborer on approximately August 28, 2015 and denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Twin Landfill affirmatively states that Plaintiff did not report drinking on the job by Twin Landfill employees and therefore it is without knowledge or information sufficient to form a belief regarding those allegations in Paragraph 7 of the Complaint and therefore denies

those allegations. Twin Landfill denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Twin Landfill affirmatively states that Plaintiff did not report drinking on the job by Twin Landfill employees and therefore it is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 8 of the Complaint and therefore denies same.

9. Twin Landfill affirmatively states that it was not provided with documents or information regarding Plaintiff's mental health treatment and therefore is without knowledge or information suffienct to form a belief regarding the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10. Twin Landfill admits that it retained Chris Rainwater, an outside safety consultant, in approximately February 2016 and admits that Mr. Rainwater conducted safety meetings and denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Twin Landfill admits that Plaintiff was reprimanded for removing another employee's tools from that employee's tool box without permission and denies the remaining allegations containd in Paragraph 11 of the Complaint.

12. Twin Landfill is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. Twin Landfill is without knowledge or information regarding a conversation between Amber Solomon and Kat Kelly on March 31, 2016 and therefore denies that allegation. Twin Landfill affirmatively states that the contents of the email speak for itself and denies any contrary allegations. Twin Landfill denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Twin Landfill affirmatively states that it was not provided with documents or information regarding Plaintiff's mental health treatment and therefore is without knowledge or information suffienct to form a belief regarding the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15. Twin Landfill admits the Plaintiff's employment was terminated on April 20, 2016 and is without knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Twin Landfill denies the allegations contained in Paragraph 16 of the Complaint.

17. Twin Landfill denies the allegations contained in Paragraph 17 of the Complaint.

18. Twin Landfill denies the allegations contained in Paragraph 18 of the Complaint.

19. Twin Landfill denies the allegations contained in Paragraph 19 of the Complaint.

20. Twin Landfill denies the allegations contained in Paragraph 20 of the Complaint.

21. All allegations not specifically admitted herein are hereby denied.

22. Twin Landfill denies that Plaintiff is entitled to any of the relief requested.

## SEPARATE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Twin Landfill, Twin Landfill asserts the following defenses:

### First Separate Defense

Plaintiff's common law claim fails to state a claim upon which relief can be granted.

### Second Separate Defense

Plaintiff's ADA claim may be barred in part by his failure to satisfy the administrative prerequisites of the claim.

### Third Separate Defense

Plaintiff's claims may be barred, in whole or in part, by the provisions of the Colorado Worker's Compensation Act.

**Fourth Separate Defense**

Any and all actions of Twin Landfill were taken for legitimate business purposes and without unlawful purpose or motive.

**Fifth Separate Defense**

In the event that it is concluded that a prohibited factor motivated any act alleged by Twin Landfill against Plaintiff, the same acts would have been undertaken even absent said alleged improper or discriminatory motive and, as such, Plaintiff is not entitled to any relief.

**Sixth Separate Defense**

Plaintiff may have failed to mitigate his damages, if any.

**Seventh Separate Defense**

Plaintiff's claim may be barred by the doctrine of judicial estoppel.

Dated this 2nd day of December 2017.

Respectfully submitted:

    */s Elizabeth I. Kiovsky*
Elizabeth I. Kiovsky
KIOVSKY DUWALDT LLC
2820 Welton Street
Denver, Colorado 80205
Tel.: (303) 320-8301
beth@kdemploymentlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 2nd day of December 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Liechty: rliechty@crossliechty.com


*s/Elizabeth I. Kiovsky*